IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILLARD WAYNE BAKER, JR.,  No. 2:16-cv-2418-CMK-P

    Plaintiff,

  vs.  ORDER

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES,

    Defendant.

          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1).

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

1

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's statement of his claim is as follows:

> On 2-25-16 a California Correctional Health Care Services employee took a unencrypted laptop to his, her personal vehicle. The laptop was then stolen. My sensitive personal information may have still been in that laptop. Confidential mental health, medical and custodial info was most likely on the hard drive. (CCHCS) claims not to know what information was on the laptop, however they claim to know that the laptop was password protected.

(Comp. at 3).

## II. DISCUSSION

There are several defects in plaintiff's complaint. First, plaintiff has failed to name a proper defendant. Section 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right. 42 U.S.C. § 1983 (1982). "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986).

In his complaint, the only defendant plaintiff has named is the California Correctional Health Care Services (CCHCS). CCHCS is a division of the California Department of Corrections and Rehabilitation which provides health care the prison inmate population. As a

state agency, it is not a person under § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). However, even if plaintiff could substitute appropriate individuals as defendants, the speculative allegations of the complaint still fail to establish that plaintiff has standing because he cannot show an injury-in-fact.

Next, plaintiff is required to establish standing for each claim he asserts. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject matter jurisdiction. See Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. See Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In this case, although plaintiff may have constitutional right to privacy of his medical information, whether or not his right to privacy was breached is unknown. See Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citing Doe v. Attorney Gen. of the United States, 941 F.2d 780, 795 (9th Cir. 1991)).

The disclosure of plaintiff's medical information, and therefore any injury, is entirely speculative. Plaintiff specifically states in his complaint that it is unknown if his information was on the laptop. While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010)

1  (citations and internal quotation marks omitted) (holding that threat of potential identity theft
2  created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social
3  security numbers was sufficient to confer standing, but that "more conjectural or hypothetical"
4  allegations would make threat "far less credible").  The speculative injury plaintiff alleges, where
5  it is unknown whether plaintiff's information was on the potentially compromised laptop, is
6  simply insufficient to provide plaintiff standing.  Plaintiff cannot state a claim for relief based
7  upon the speculative breach of his sensitive information, and his claim for violation of his
8  constitutional right to informational privacy must be dismissed without prejudice for lack of
9  standing. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006)
10 (dismissal for lack of standing is without prejudice).

11          If the court finds that a complaint should be dismissed for failure to state a claim,
12 the court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d
13 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible
14 that the defects in the complaint could be corrected, especially if a plaintiff is pro se. See id. at
15 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant
16 must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it
17 is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")
18 (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful
19 consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss
20 without leave to amend. See Cato, 70 F.3d at 1005-06.  As set forth above, given plaintiff's lack
21 of standing, any amendment to his complaint would be futile, and no leave to amend will be
22 granted.

### III. CONCLUSION

24          Plaintiff's complaint fails to show he has standing to bring this action as his injury
25 is too speculative to support a claim.  Accordingly, plaintiff shall show cause in writing, within
26 30 days of the date of this order, why this action should not be dismissed.  Plaintiff is warned that

failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

　　　　　　　IT IS SO ORDERED.


DATED: November 1, 2017

　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　 **CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE